J-S23032-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JORDAN MICHAEL WALLICK | : | |
| | : | |
| Appellant | : | No. 78 MDA 2022 |

Appeal from the PCRA Order Entered December 14, 2021
In the Court of Common Pleas of York County
Criminal Division at No(s):  CP-67-CR-0005884-2010


BEFORE:   STABILE, J., McLAUGHLIN, J., and COLINS, J.*

MEMORANDUM BY COLINS, J.:                    **FILED OCTOBER 14, 2022**

Following a remand from this Court, Jordan Michael Wallick appeals from the order that dismissed, after a hearing, his petition filed pursuant to the Post Conviction Relief Act (PCRA). **See** 42 Pa.C.S.A. §§ 9541-9546. On remand, pursuant to our instructions, the lower court determined that Wallick had not: (1) filed his PCRA petition within one year of discovering his asserted newly-discovered fact, i.e., the abandonment of counsel in failing to pursue an appeal with the Pennsylvania Supreme Court, and (2) demonstrated due diligence in ascertaining when counsel purportedly abandoned him. Accordingly, the court found that Wallick had failed to overcome the PCRA's time bar, which resulted in the dismissal of his petition. On appeal from these determinations, Wallick's counsel has filed a motion to withdraw from representation in addition to a

_____

* Retired Senior Judge assigned to the Superior Court.

"no merit" **Turner**/**Finley** brief.[1] We affirm and grant counsel's motion to withdraw.

Replicated, in full, from the prior iteration of this case:

On April 5, 2012, ...[Wallick] was found guilty of second-degree murder, robbery, and conspiracy to commit robbery. At the time of the murder, ...[Wallick] was fifteen years of age. On May 21, 2012, [the trial court] imposed the mandatory punishment for murder, at the time, of life without the possibility of parole. ...[Wallick] was also sentenced to concurrent sentences for the robbery and conspiracy [charges]. Thereafter, pursuant to **Miller v. Alabama**, 567 U.S. 460[, 132 S.Ct. 2455, 183 L.Ed.2d 407] (2012) (mandatory life sentences for juvenile offenders violates the Eighth Amendment of the United States Constitution), ...[Wallick], along with all other juvenile lifers, was set for a resentencing. At resentencing [on September 23, 2016], ...[Wallick] received thirty years to life for his murder conviction and concurrent sentences for robbery and conspiracy. ...[Wallick] appealed the propriety of this sentence and the Superior Court affirmed on November 1, 2017. **Commonwealth v. Wallick**, 181 A.3d 376 [(Pa.Super.] 2017) (unpublished memorandum).

[On December 27, 2017, [Wallick] wrote a letter to the York County clerk of courts, requesting a copy of his docket sheet to review the status of his appeal. [Wallick] explained that he had tried to have his family obtain the information online, but they were unsuccessful. Within the request, [Wallick] also indicated that he was indigent and could not afford to purchase the information. Nevertheless, on April 19, 2018, the clerk replied that [Wallick] would need to pay $18.60 to receive the docket sheet. Consequently, [Wallick] did not receive the docket sheet.]

... [Wallick] filed a [*pro se*] Petition for Post Conviction Collateral Relief...which was docketed on August 22, 2019. A status hearing was held on December 20, 2019, and ...[Wallick] agreed to accept [PCRA] representation. That same day, [PCRA counsel], was

---

[1] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

appointed to represent ...[Wallick]. At a February 7, 2020 hearing, PCRA counsel was permitted six months to file an amended PCRA petition. An amended petition was received on July 31, 2020. This petition detailed reasons why the initiating PCRA petition was not untimely and requested the reinstatement of Appellee's appellate rights *nunc pro tunc* so that [Wallick] might effectuate an appeal to the Supreme Court of Pennsylvania from the Superior Court's denial of his resentencing appeal. On August 3, 2020, [the PCRA court] granted the petition.

On August 31, 2020, the Commonwealth of Pennsylvania [filed a notice of appeal], which challenge[d] the August 3, 2020 order of [the PCRA court]. On September 3, 2020, pursuant to the Pennsylvania [Rule] of Appellate Procedure, Rule 1925(b), [the Commonwealth] was ordered to file a statement of matters complained of on appeal. On September 21, 2020, the Commonwealth filed its [Rule 1925(b) statement].

*Commonwealth v. Wallick*, 2021 WL 3418694, at *1 (Pa. Super., filed August 5, 2021) (unpublished memorandum) (footnote and citation omitted) (most brackets in original).

In the previous appeal, the Commonwealth challenged, *inter alia*, the timeliness of Wallick's August 2019 PCRA petition. Specifically, it contended that because the lower court did not hold a hearing on the gravamen of his petition, an ineffective assistance of counsel claim for failure to pursue an appeal with our Supreme Court following resentencing, Wallick could not have met his burden to establish *any* exception to the PCRA's time bar. We agreed that based on the record, Wallick had not met the newly-discovered facts exception to the PCRA's time bar. *See id*., at *5. In addition, the record could not confirm whether Wallick had presented a meritorious underlying ineffective assistance claim. *See id*. Therefore, we ordered further fact-finding by the PCRA court, for it to conduct an evidentiary hearing.

In accordance with our instructions, the court was required to first determine whether Wallick filed his PCRA petition within one year of discovering that counsel had failed to file a petition for allowance of appeal with our Supreme Court, in effect abandoning him, and, too, whether Wallick exercised due diligence in realizing this apparent abandonment. ***See id***. If the court found in the affirmative as to those two issues, it was then required to ascertain whether Wallick "pled and proved that counsel was ineffective." ***Id***.

Upon remand, the PCRA court concluded that Wallick "did not meet his burden to establish that he filed his current petition within one year of discovering the supposed newly-discovered fact of the lack of appeal to our Supreme Court." Trial Court Opinion, dated 12/9/21, at 7. In addition, the court found that Wallick had not "demonstrated any real due diligence" in uncovering this newly-discovered fact. ***Id***., at 8. Finally, the court specified that Wallick could not "meet any of the three prongs of the test for ineffectiveness [of counsel]." ***Id***., at 16. As such, there was no basis for PCRA relief as his claim was either time barred or wholly unmeritorious.

Corresponding with this decision, Wallick filed a timely notice of appeal. Thereafter, the relevant parties complied with their obligations under Pennsylvania Rule of Appellate Procedure 1925.

In this appeal, however, Wallick's counsel has filed a motion to withdraw and a ***Turner***/***Finley*** brief. For withdraw to be permitted,

> counsel must … submit a "no-merit" letter to the [PCRA] court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the

petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

***Commonwealth v. Wrecks***, 931 A.2d 717, 721 (Pa. Super. 2007). Furthermore, counsel must send a copy of the "no-merit" letter and/or brief as well as the motion to withdraw to the petitioner. ***Id***. In addition to those documents, counsel must also expressly advise the petitioner of his right to proceed either *pro se* or with privately retained counsel. ***Id***. With those precepts in mind, substantial compliance is sufficient. ***See Commonwealth v. Karanicolas***, 836 A.2d 940, 947 (Pa. Super. 2003).

Here, counsel filed the requisite motion to withdraw as well as a ***Tuner***/***Finley*** brief, with both detailing counsel's thorough review of the record and of the issues possibly present in this matter. Moreover, in the brief, counsel has cogently explained why those possible issues lack merit and, to that point, why there are no legally salient bases for relief on appeal. Counsel has also notified Wallick of the outstanding request to withdraw from representation and, too, made clear to Wallick that he may continue to proceed *pro se* or with private counsel.[2] As such, we find there has been substantial compliance with ***Turner***/***Finley***.

In the brief, counsel raises ten issues on Wallick's behalf. However, counsel acknowledges that eight of those issues were not included in Wallick's

_____

[2] A review of the letter sent to Wallick begins with the presumed erroneous salutation "Dear Mr. Martinez".  Motion to Withdraw as Counsel, Ex. C. However, the letter in all other respects appears to be accurate. Separately, Wallick has not filed any additional documents in a *pro se* or privately represented capacity.

statement of matters complained of on appeal, so they are therefore waived. *See Turner/Finley* Brief, at 10 fn. 1; *see also* Pa.R.A.P. 1925(b)(4)(vii). We see no reason to deviate from this conclusion.

In the remaining two claims, counsel asks:

1. Did the PCRA court err when it held that Wallick's petition was untimely, as Wallick could not establish that he acted with due diligence in determining the alleged newly-discovered fact that his prior counsel did not file a petition for allowance of appeal with the Pennsylvania Supreme Court after the affirmation of his judgment of sentence by this Court?

2. Did the PCRA court err when it concluded that even if the petition was timely, that it would not have granted Wallick relief because his ineffective assistance of counsel claim was unmeritorious and therefore frivolous?

*See Turner/Finley* Brief, at 10-11.

When reviewing the denial of a PCRA petition, we scour the record to determine whether the court's determination is both supported by evidence and free of legal error. *See Commonwealth v. Ford*, 947 A.2d 1251, 1252 (Pa. Super. 2008). We will disturb the lower court's findings only in cases where is no support in the certified record for its determinations. *See Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001).

Germane to the present case, the PCRA petition must have "be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that: … the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S.A. § 9545(b)(ii).

- 6 -

However, circumventing the PCRA's time bar in this manner would have required Wallick to file his petition within one year of when the claim could have first been presented. **See** 42 Pa.C.S.A. § 9545(b)(2). Absent an exception, because the PCRA's time limitations "are jurisdictional," an untimely PCRA petition forecloses on our "right or competency to adjudicate a controversy." **Commonwealth v. Hackett**, 956 A.2d 978, 983 (Pa. 2008) (citations omitted).

The prior panel in **Wallick** determined that, after resentencing and our subsequent affirmance of his new judgment of sentence on November 1, 2017, Wallick's sentence became final on December 1, 2017. "Thus, a timely PCRA petition was due by December 1, 2018. Here, [Wallick's] *pro se* PCRA petition was docketed on August 22, 2019, which is facially untimely." **Wallick**, 2021 WL 3418694, at *4. That same panel also confirmed that "counsel's ineffectiveness may constitute a newly-discovered fact [under 42 Pa.C.S.A. § 9545(b)(ii)] where counsel's ineffectiveness *per se* completely forecloses review." **Id**. (citations and internal quotation marks omitted) (formatting altered); **see also Commonwealth v. Williamson**, 21 A.3d 236, 242 (Pa. Super. 2011) (specifying that counsel's failure to file a timely petition for allowance of appeal with our Supreme Court can serve as a newly-discovered fact). To demonstrate ineffectiveness, however, we noted that "a petitioner must still prove that the facts were unknown to him and that he

could not uncover them with the exercise of due diligence." **Wallick**, 2021 WL 3418694, at *4. (citations and internal quotation marks omitted).

Prior to remand, based on his amended PCRA petition, Wallick asserted that he was never notified by counsel that this Court affirmed his new judgment of sentence and, too, that counsel never asked him if he wanted to seek redress with our Supreme Court. **See** Amended PCRA Petition, at 4 (unpaginated). That petition also averred he "did not have access to information regarding the status of his appeal" and that his letter to York County's Clerk of Courts, wherein he requested his case's docket sheets, "demonstrated the requisite due diligence." **Wallick**, 2021 WL 3418694, at *4.

Upon remand, the lower court first wrote that Wallick "had actually written to York County's [C]lerk of [C]ourt requesting a copy of his docket sheet and inquiring about the status of his appeal. Despite informing [the Clerk] of his indigency, on April 19, 2018, the Clerk's office responded by informing [him that] he needed to pay $18.60." Trial Court Opinion, dated 12/9/21, at 5-6.

Through hearing Wallick's testimony, while Wallick "indicated that he wrote letters to trial counsel and that she never got back to him[,]" **id**., at 6, there is "no evidence of such letters[.]" **Id**. In addition, despite testifying as to when Wallick believed he became aware of the trial counsel's failure to file an appeal, the PCRA court "did not find him to be a credible witness" given his

"sheer lack of reliable memory." ***Id***., at 7 (noting that Wallick could not even remember if he had received his docket sheet). Accordingly, the court found that Wallick "did not meet his burden to establish that he filed his current petition within one year of discovering the supposed newly-discovered fact of the lack of appeal to our Supreme Court." ***Id***.

On the issue of due diligence, which paralleled the previous determination, the court found no documentary evidence to support Wallick's contention that he wrote to counsel to inquire about a possible appeal. ***See id***., at 8. Despite indicating that it was normal practice to do so, Wallick's counsel was unable to remember whether Wallick was sent a letter that identified the status of his appeal. ***See id***.

In total, then, the court found that Wallick made "a solitary inquiry" about the status of his appeal in December 2017. ***See id***. The Clerk's response to Wallick's request occurred in April 2018. As such, predicated on April 2018 being the month Wallick possibly contends he became aware of counsel having not petitioned for an appeal,[3] his "*pro se* PCRA petition of August 22, 2019 was most assuredly not filed within a year of the newly-discovered fact." ***Id***., at 9.

_____

[3] The literal date, or even general timeframe, of Wallick's awareness is not evident anywhere in the record, as indicated by the court's phrasing "if this were to be the date upon which [Wallick] fixes his awareness of the denial of his appeal . . . ." Trial Court Opinion, dated 12/9/21, at 9. Wallick's PCRA counsel conceded as much: "[n]ow, we don't have an exact date[.]" N.T., 10/21/21, at 12.

We agree with the lower court that other than the documentary evidence of Wallick making the request with the Clerk of Courts and the response he received thereto, the only outstanding evidence in support of his newly-discovered fact claim is his own testimony. At the PCRA hearing, Wallick could not remember if York County ever provided him with a criminal docket sheet. **See** N.T., 10/21/21, at 10. While Wallick stated that he learned that he lost his direct appeal from this Court's docket sheet, he could not remember when he received that sheet. **See** id., at 10-11. In addition, Wallick had no records of anything that he sent to his then counsel. **See id**., at 10.

We emphasize that "[w]e are bound by any credibility determinations made by the PCRA court where they are supported by the record." **Commonwealth v. Staton**, 184 A.3d 949, 954 (Pa. 2018) (citation omitted). Given that Wallick could not remember when he received the docket sheet from this Court, which allegedly informed him of our affirmance of his judgment of sentence, and he has provided no other corroborating documentation to demonstrate his date of awareness as to when he learned that a petition for allowance of appeal had not been filed, the lower court's determination that Wallick was not credible is, therefore, supported by the record.

In summary, we agree that Wallick has not successfully pleaded an exception to the PCRA's time bar, as he has not demonstrated, with any degree of certainty, the exact date when he learned that his counsel had not

filed a petition for allowance of appeal on his behalf, despite it being his burden to do so. With the only relevant documentary evidence of record being his submission to the York County Clerk of Courts office in December 2017 and then, that office's response to him in April 2018, it was not in error for the lower court to find that his petition filed in August 2019 exceeded not only the general statutory run date of his ability to file a timely PCRA petition, but it also ran afoul of an excepted PCRA filing premised on the newly-discovered facts exception.[4] Stated differently, although he was afforded the opportunity to do so, Wallick failed to demonstrate precisely when he learned there had been no appeal attempted on his behalf. Absent indicia that he either found out about his counsel's lack of appeal in August 2018 at the earliest and, too, that he had been unambiguously acting with due diligence in trying to figure out this fact, there has been no satisfaction of the PCRA's time bar. Accordingly, we are without jurisdiction to adjudicate his underlying claim of ineffective assistance.

Even if we were to consider Wallick's ineffective assistance claim on its merits, we would conclude that such an assertion has no validity. The lower

---

[4] To the extent counsel includes claims in the body of his brief not contained within Wallick's amended PCRA petition or statement of matters complained of on appeal, *see Turner*/*Finley* Brief, at 35-45, such arguments feature similar, if not even more obvious, infirmities. Specifically, neither of those two additional claims establish any basis to circumvent the PCRA's time bar. *See id*. (outlining an allegation in which Wallick believes the Commonwealth violated *Brady v. Maryland*, 373 U.S. 83 (1963), in addition to Wallick's contention that he is innocent of the crimes in which he had been convicted).

court accurately summarized the three-prong test associated with establishing an ineffective assistance of counsel claim and concluded, *inter alia*, that counsel was not ineffective because "there were no non-frivolous grounds upon which to appeal." Trial Court Opinion, dated 12/9/21, at 13; **see also Commonwealth v. Touw**, 781 A.2d 1250, 1254 (Pa. Super. 2001) (citation omitted) (establishing that counsel has a duty to consult with a defendant when a rational defendant would want to appeal or if a defendant was interested in appealing).

At the PCRA hearing, Wallick's previous counsel believed there was no real merit to a potential petition for allowance of appeal because the argument advanced on appeal in this Court was limited to whether the lower court abused its discretion in sentencing. **See** N.T., 10/21/21, at 6. Prior counsel concluded, when juxtaposed against our well-detailed decision affirming Wallick's judgment of sentence, "there was no legal issue that [she] thought [they] really could make." **Id**. At the same PCRA hearing, Wallick was unable to produce any evidence, beyond that of his own testimony, indicating that he desired an attempted appeal to our Supreme Court. With the lower court believing Wallick's previous counsel's testimony wherein she stressed the frivolousness of such an appeal over Wallick's uncorroborated statements asserting that he desired counsel to petition our Supreme Court, those credibility determinations yielded a finding that, under the circumstances of this case, there was no absolute duty imposed on counsel to consult with

- 12 -

Wallick. Having reviewed the record ourselves, we agree with the lower court's conclusion that there was no ineffective assistance of counsel.

Despite our alternative holding, we find that the PCRA court correctly concluded that it lacked jurisdiction to both entertain Wallick's claim and to grant him relief. Therefore, we grant counsel's motion to withdraw and affirm the order dismissing Wallick's PCRA petition.

Motion to withdraw granted. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/14/2022